UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH A. HARMAN,<br><br>            Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case No. 1:12-cv-00220-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendant's Motion to Dismiss for Improper Venue (Dkt. 6). The Court has determined that oral argument will not aid the decisional process of the Court. Accordingly, the Court will decide the motion based upon the submitted briefs. For the reasons explained below, the Court will grant the motion, and transfer the case to the District of Alaska.

### ANALYSIS

The United States asks the Court to dismiss or transfer this case to the District of Alaska pursuant to Rule 12(b)(3). Harman's Complaint asserts a refund action under 28 U.S.C. § 1346(a) for recovery of federal tax penalties paid. For an individual, a civil action against the United States under 28 U.S.C. 1346(a) "may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. § 1402. According to his Complaint, Harman resides in the District of Alaska.

MEMORANDUM DECISION AND ORDER - 1

Venue may be proper elsewhere when the plaintiff is a corporation. 28 U.S.C. § 1402(a)(2). Harman suggests venue is proper under Section 1402(a)(2) because his tax liabilities were created by the business operations of the Ralph A. Harman Family Limited Partnership. That makes no difference. Harman is the taxpayer against whom the tax penalties were assessed. Thus, only he has standing to bring a refund action for the recovery of those tax penalties. *First American Title Ins. Co. v. United States*, 520 F.3d 1051, 1053-54 (9th Cir. 2008). Accordingly, venue is only proper in the District of Alaska

Although the United States filed a motion to dismiss, the United States indicated in its reply brief that it is not opposed to transfer instead of dismissal. The Court agrees that transfer is the better option. Accordingly, the Court will grant the motion and transfer the case to the District of Alaska.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss for Improper Venue (Dkt. 6) is **GRANTED**. This case shall be transferred to the District of Alaska.

2. The Telephonic Scheduling Conference scheduled for November 28, 2012 is **VACATED**.



DATED: November 15, 2012

_____

B. Lynn Winmill
Chief Judge
United States District Court